IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EUGENE BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:  2:13cv199-WC |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Eugene Bell, applied for disability insurance benefits and supplemental security income.  His application was denied at the initial administrative level.  Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").  Following the hearing, the ALJ issued a decision in which the ALJ found Plaintiff not disabled at any time through the date of the decision.  Plaintiff appealed that decision to the Appeals Council.  At that point, the ALJ's decision was remanded back upon an unopposed motion.  Following a second hearing, the ALJ rendered another unfavorable decision, and the Appeals Counsel rejected Plaintiff's request for review of the ALJ's decision.   The ALJ's decision consequently became the final decision of the

Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review under 42 U.S.C. § 405(g).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to Jurisdiction (Doc. 8); Def.'s Consent to Jurisdiction (Doc. 9).  Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

(1) Is the person presently unemployed?

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

Vocational Guidelines[4] (grids) or call a vocational expert (VE).  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.  Each factor can independently limit the number of jobs realistically available to an individual.  *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.

The court's review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence.").  A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.  . . . No

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

> similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff is forty-eight years old and has a GED. Tr. 285. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since May 31, 2006, the alleged onset date." (Step 1) Tr. 282. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "right ankle crush injury, mild bilateral carpal tunnel syndrome, polyarthropathy, plantar fasciitis of the left foot, and mild depression." Tr. 283. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Step 3) *Id.* Next, the ALJ found that Plaintiff has

> the [RFC] to perform less than the full range of light work . . . . Specifically, he can stand and walk no longer than 30 minutes at a time and no more than 2 hours total in an 8-hour day. He has no restriction on sitting. He cannot operate foot controls; climb ladders, scaffolds, or ropes; or work around unprotected height and dangerous equipment. He can no more than occasionally climb stairs or ramps, bend, stoop, kneel, crouch, and crawl. He can no more than frequently handle and finger. He cannot perform complex or detailed job instructions. He cannot work in crowds. He can have no more than occasional contact with the public. He is not limited to minimal changes in work settings and routines.

Tr. 284-8. The ALJ then concluded that Plaintiff "is unable to perform any past relevant work." (Step 4) Tr. 289. At Step 5, the ALJ found that, "[c]onsidering the claimant's

5

age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 290. The ALJ identified the following occupations as examples: "office helper," "mail clerk nonpostal," and "packer." *Id.* Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 31, 2006, through the date of this decision." *Id.*

## IV.   PLAINTIFF'S CLAIMS

Plaintiff presents two issues for this court's consideration in review of the ALJ's decision: (1) whether the Commissioner's decision should be reversed because the ALJ failed to accord adequate weight to the opinion of Mr. Bell's treating physician, Dr. Davis; and (2) whether the Commissioner's decision should be reversed because the ALJ failed to specify the weight, if any, assigned to the medical opinions used to support her RFC. Pl.'s Br. (Doc. 11) at 6. The court will address each argument below.

## V.   DISCUSSION

### A.   *Weight Accorded to the Treating Physician's Opinion*

Plaintiff argues that the ALJ failed to accord adequate weight to the opinion of Dr. Stephen Davis. Dr. Davis was Plaintiff's treating physician, and Plaintiff argues that his opinion should have been given substantial weight. Specifically, Plaintiff asserts that the ALJ failed to "apply the rules outlined by the regulations or Eleventh Circuit case law in evaluating the opinion of a treating physician." Pl.'s Br. (Doc. 11) at 9. Plaintiff

6

properly cites to the applicable standard, that a treating physician's opinion should receive controlling weight "unless there is good cause." Pl.'s Br. (Doc 11) at 7 (citing *Sabo v. Chater*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996)). Indeed, the ALJ did not give Dr. Davis's opinions controlling weight based on the inconsistency of the doctor's records and inconsistency with objective medical evidence in the record. *See* Tr. 288-89.

Normally an ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *See Phillips*, 357 F.3d at 1240. "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41. Further, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

Here, the ALJ articulated "good cause" for the rejection of Dr. Davis's opinion—that the opinion was inconsistent with his own medical records and that the evidence supports a contrary finding. In fact, the decision explicitly states, "I have accorded Dr. Davis' opinion little weight because it is inconsistent with his own medical records and

7

the evidence supports a contrary finding." Tr. 288. The ALJ then went on to highlight the inconsistencies. The ALJ noted that "Dr. Davis's opinion that claimant could not stand and walk even one hour during an 8-hour day" was belied by Dr. Davis's treatment notes that Plaintiff "stood at least three days a week at work in July 2007," and "remain[ed] on his feet 'all day' in September of 2007." Tr. 289. The ALJ also expressed that "Dr. Davis did not prescribe an assistive device for ambulation, which is not consistent with a standing/walking limitation of the severity [Dr. Davis] assessed." *Id.* The ALJ also found Dr. Davis's opinion that "physical activity, including standing and walking, would exacerbate [Plaintiff]'s pain to the point bed rest would be necessary," to be inconsistent with Plaintiff's work activity. *Id.* Additionally, the ALJ pointed to the inconsistent opinion of Dr. Davis that Plaintiff "has substantial limitations of his gross and fine manipulation; however, his office treatment notes do not reflect treatment for or complaints of symptoms related to [Plaintiff]'s upper extremities." *Id.* Lastly, the ALJ stated, "I also note that the internal inconsistencies in Dr. Davis' report regarding [Plaintiff]'s maximum ability to lift and carry [50 pounds frequently and 100 pounds occasionally] and his limitations in fine manipulation indicate that Dr. Davis did not carefully consider his opinion." *Id.*

Plaintiff asserts that "[t]he statement by the ALJ that Dr. Davis's assessment is inconsistent with his own medical records is clearly inaccurate." Pl.'s Br. (Doc. 11) at 11. Additionally, Plaintiff argues that "[b]ased upon the extensive history of complaints

8

of chronic foot pain, as well as Dr. Davis' professional opinion that [Plaintiff]'s foot condition is not expected to improve, it would not be unreasonable for Dr. Davis to completely restrict Plaintiff from standing on his feet." *Id.* Based on the inconsistencies discussed above, the court disagrees. The ALJ articulated good cause and the court finds that the determination is supported by substantial evidence.

Plaintiff also argues that it was "error for the ALJ to dismiss the treating physician's opinion . . . without specifically considering and discussing the factors listed in 20 C.F.R. § 404.1527(d)." Pl.'s Br. (Doc. 11) at 12. Specifically, Plaintiff alleges that, "[g]iven the extensive history of treatment between Dr. Davis and [Plaintiff]," the ALJ was required to "properly consider[] the factors" prior to assigning little weight to Dr. Davis's opinion. *Id.* The court notes that § 404.1527(d), entitled "Medical source opinions on issues reserved to the Commissioner," does not list factors that must be considered when an ALJ does not accord a treating physician's opinion controlling weight. Rather, it appears Plaintiff intended to cite to § 404.1527(c), which does include such factors, which include the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. 20 C.F.R. § 404.1527(c).

Plaintiff has not presented any law that requires the ALJ to expressly discuss each of these factors individually. Further, the ALJ did expressly discuss the inconsistencies

9

of the opinion with the record as a whole, as discussed above. Tr. 288-289. It is also clear from the decision that the ALJ did consider, at least to some extent, the length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship, as the ALJ's decision summarized multiple occasions on which Plaintiff presented to Dr. Davis for examination or treatment. Tr. 285-89. Regardless, as discussed above, the ALJ's rejection was in accord with the requirements articulated by this circuit.

The court has reviewed Dr. Davis's opinion and agrees with the ALJ's determination to accord it little weight. The opinion appears to be unsupported by the other medical record of evidence and inconsistent with the doctor's treatment notes. Accordingly, the court finds no error.

### B. *Weight Accorded to the Opinions of Other Physicians*

Plaintiff argues that "[t]he ALJ failed to state with specificity what weight, if any, was assigned to the opinions she relied upon in support of her RFC." Pl.'s Br. (Doc. 11) at 12. Specifically, Plaintiff asserts that the ALJ only discredited the opinion of Dr. Davis and neglected to discuss the weight she assigned to the opinions of State Agency Consultant Susan Davis, Dr. David Alford, Dr. J.W. Johnson, Dr. In Young Soh, Dr. Stacy Goode, and Dr. Vijay Vyas. *Id.* at 13.

"There is no requirement in the Social Security regulations or rulings that the ALJ assign any weight to non-medical sources, only that the evidence be considered." *Reed v.*

10

*Astrue*, 2009 WL 3571699 at *3 (S.D. Ala. Oct. 26, 2009) (unpublished).  State Agency Consultant Susan Davis was not a physician; she was a state agency reviewing staff member, so there is no requirement that the ALJ explain any weight assigned to her opinion.  All that is necessary is that the ALJ's decision be clear enough to allow a reviewing court to determine whether the decision was supported by substantial evidence.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the reviewing court to determine the ALJ considered the evidence).  Ms. Davis's opinion was based on a review of Plaintiff's records, which included Plaintiff's statements regarding his own symptoms.  The ALJ considered and discussed Plaintiff's statements of his symptoms and found them to be not credible.  *See* Tr. 286.  Therefore, the court is able to determine that, although the ALJ did not explicitly discuss Ms. Davis's opinion, the ALJ adequately considered the information contained within it.

As to doctors Alford, Johnson, Soh, Goode, and Vyas, Defendant argues that "Plaintiff does not show any of the above physicians actually gave 'medical opinions' concerning [Plaintiff's] condition" and, therefore, do not need to be addressed by the ALJ.  Def.'s Br. (Doc. 12) at 8.  The court finds this argument to be unpersuasive.

> In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, **including symptoms, diagnosis, and prognosis**, what the

11

> claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* at 1179 (citing 20 C.F.R. §§ 404.1527(a) (2), 416.927(a)(2); *Sharfarz*, 825 F.2d at 279).

*Thompson v. Colvin*, 3:11-CV-1048-J-TEM, 2013 WL 1278083, *3 (M.D. Fla. Mar. 28, 2013) (emphasis added). As further discussed below, it is clear from a review of the record that these doctors did offer statements reflecting judgments about Plaintiff's symptoms and diagnosis.

"An ALJ's failure to state with particularity the weight given different medical opinions is reversible error." *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam)). "[H]owever, [when] an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." *Caldwell*, 261 F. App'x at 190. Courts have generally found that an ALJ's failure to state what weight is accorded a particular piece of medical opinion evidence is harmless when the ALJ has relied upon other opinion evidence that is consistent with the omitted evidence or the omitted opinion is consistent with the ALJ's ultimate findings. *See, e.g.*, *id.* at 191; *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005).

A review of the medical evidence in this case demonstrates that any limitations placed by the doctors are consistent with the ALJ's findings that Plaintiff can perform a

12

limited range of light work with some limitations. As to the medical opinions of Dr. Alford, Plaintiff states that "[t]reatment notes from Dr. [] Alford in 2006 diagnose [Plaintiff] with highly comminuted displaced calcaneus fracture of the right ankle, with fracture blisters." Pl.'s Br. (Doc. 11) at 13 (citing Tr. 222). The fact that Plaintiff had a badly broken ankle was discussed throughout the ALJ's decision. Indeed, the ALJ referred to the broken ankle as a "right ankle crush injury" and discussed the progress and effects of Plaintiff's ankle injury no less than ten times throughout the decision, even finding Plaintiff's right ankle crush injury to be a severe impairment. (Tr. 283-89). As to the medical opinions of Dr. Johnson, Plaintiff states that "Dr. [] Johnson opined [Plaintiff] has a marked limitation of motion in his right ankle and also suffers from chronic pain syndrome." Pl.'s Br. (Doc. 11) at 13 (citing Tr. 484, 486, 488, 490). The ALJ repeatedly discussed that Plaintiff had varying limitations in his right ankle's range of motion and that Plaintiff's ankle causes him pain. In fact, the ALJ explicitly stated Plaintiff "exhibited marked limitation of motion in his right ankle." (Tr. 287).[5] As to the medical opinions of Dr. Soh, Plaintiff states that Dr. Soh "assessed [Plaintiff] as having osteoarthritis of the finger and knee joints, as well as demineralization of the right tarsal bones secondary to disuse of the right foot." Pl.'s Br. (Doc. 11) at 13 (citing Tr. 497). The ALJ discussed Plaintiff's arthritis throughout the opinion, finding it to be a severe

---

[5] Plaintiff also states that "Dr. Johnson also noted [Plaintiff] complained of weakness of both legs and thighs, present for years, and [Plaintiff] was concerned something was wrong with the muscles in his legs." Pl.'s Br. (Doc. 11) at 13 (citing Tr. 492). Plaintiff's concern that something may be wrong with himself is not a medical opinion. Therefore, the ALJ was not required to discuss this assertion, and the

impairment. (Tr. 283). Additionally, the ALJ explicitly stated "an X-ray of [Plaintiff's] foot showed demineralization of the tarsal and metatarsal bones." (Tr. 287). The court also notes that the RFC limited Plaintiff's standing and walking because of his ankle injury and limited Plaintiff's handling and fingering. Therefore, because the ALJ relied upon other opinion evidence that was consistent with the opinions of doctors Alford, Johnson, and Soh, and all of the opinions are consistent with the ALJ's ultimate findings, any error is harmless. *Caldwell*, 261 F. App'x at 191.

Plaintiff also argues error for the ALJ's alleged failure to give weight to the opinions of doctors Goode and Vyas. The court notes three issues with this argument. First, Plaintiff fails to point the court to a single medical opinion by either of these physicians that would contradict the ALJ's findings. Second, a review of doctors Goode and Vyas medical opinions contained in the administrative record reflect opinions consistent with the other opinion evidence discussed by the ALJ and consistent with the ALJ's ultimate findings. Third, the ALJ, at least to some extent, clearly did consider the opinions of doctors Goode and Vyas, as evidenced by the ALJ's statement that "the treatment notes of [Dr.] Goode[ ] and [Dr.] Vyas[ ] are not completely legible," but neither doctor found Plaintiff to be in need of a referral to treatment from a mental health specialist. Tr. 285-86.

---

failure to do so was not error. *Reed*, 2009 WL 3571699 at *3.

Plaintiff fails to point to any medical opinion that contradicts the ALJ's findings as to the ALJ's RFC determination. Accordingly, to the extent the ALJ's failure to state what weight she gave to the medical opinions was error, it was harmless.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 4th day of April, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE